**In re Vibert and Gail MAHANER, Debtors.**

**Bankruptcy No. 83–20818.**

United States Bankruptcy Court, W.D. New York.

Nov. 4, 1983.

Harter, Secrest & Emery by John R. Weider, Rochester, N.Y., for Marine Midland.

Lloyd Relin, Rochester, N.Y., for debtors.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In this matter, Marine Midland Bank, N.A. hereinafter referred to as Marine, has moved for an Order granting relief from the stay pursuant to Bankruptcy Rule 4001 and 11 U.S.C. § 362. The defendant in answer to the motion has moved under 11 U.S.C. § 506 seeking a valuation of the property for the purpose of paying off the secured interest of Marine in the property.

The facts appear to be as follows. The joint debtors filed a Chapter 7 petition on July 28, 1983. They have a piece of real property at 59 Park Road. They valued the property in their schedules at $87,500. A first mortgage is held on the property by

Lincoln First Bank in the sum of $41,646.82 and Marine has a second and third collateral security mortgage to the extent of a total of $80,000 to secure whatever monies are owed by Mahanger to Marine. It appears that Mahanger owes Marine some $135,-248.52.

Marine's attorneys point out properly that 11 U.S.C. § 722 does not permit the redemption of real property in a Chapter 7 proceeding. Section 722 provides only for the redemption of personal property.

The debtors are seeking a continuation of the stay for the purpose of conducting a hearing for the determination of the secured status under 11 U.S.C. § 506. They state that after such a determination is made they wish to redeem the property to the extent of Marine's lien. The bank will not consent to a redemption and they state that the grounds for modifying the stay under 11 U.S.C. § 362(d)(1) and (2) are satisfied in that the debtors have no equity in the property, Marine has not been offered adequate protection and the collateral is not necessary for the effective administration of the liquidation and there is no cause to deny relief from the stay. Marine requests the lifting of the stay.

▇▇▇ This leads us to the question of whether 11 U.S.C. § 506 permits mortgage lien avoidance by the debtor in a Chapter 7 case. There are three arguments that can be made why 11 U.S.C. § 506 may not be used to avoid a mortgage lien in a Chapter 7 case. First, it would appear that to permit lien avoidance under the facts of this case would render 11 U.S.C. § 722 totally surplus. One must presume that 11 U.S.C. § 722 is not surplus. Moreover, it is more specific on the issue of redemption than 11 U.S.C. § 506. A fundamental rule of statutory construction is that a specific statute prevails over an ambiguous or even an inconsistent general statute. A holding that 11 U.S.C. § 722 is the exclusive Chapter 7 redemption provision does not render 11 U.S.C. § 506 surplusage because 11 U.S.C. § 506 has considerable meaning in Chapters 11 and 13 regarding the treatment of secured claims and certainly, 11 U.S.C. § 506 has meaning in all Chapters 7, 9, 11 and 13 where the property is being sold.

The second argument that may be advanced for the premise that 11 U.S.C. § 506 does not permit mortgage lien avoidance in a Chapter 7 case by the debtor is that it is simply not good policy to permit a debtor to get in Chapter 7 more than he could in Chapter 11 or 13. This would discourage the use of the rehabilitative sections, such as 11 and 13. These contemplate a repayment to unsecured creditors while in Chapter 7, generally, little or no money is paid to the creditors. In Chapter 13, 11 U.S.C. § 1322(b)(2) prohibits the debtor from modifying the mortgage if it is on his principal residence and if the creditor holds no other security. As to other liens, 11 U.S.C. § 1322(a)(5)(B) keeps the lien intact. In a Chapter 11 proceeding, 11 U.S.C. § 1111(b)(2), permits the secured creditor to make an election which results under 11 U.S.C. § 1129(a)(7)(B) and (b)(2)(A) in the debtor having to permit the lien to stay on in the full amount. Again, such specific provisions as 11 U.S.C. § 1322(b)(2) and 11 U.S.C. § 1129(a)(7)(B) and (b)(2)(A) prevail over the inconsistent general provisions found in 11 U.S.C. § 506.

The Code and the legislative history strongly encourage repayment plans rather than liquidation. It is unlikely that Congress intended 11 U.S.C. § 506(b) to be interpreted in a manner that permits a debtor to knock out consentual liens on his residence in Chapter 7 that could not be removed in one of the rehabilitative Chapters. The more likely policy of the void language of 11 U.S.C. § 506(d) is that it was intended to permit a sale of the collateral by a trustee or the debtor-in-possession to extinguish the entire lien even though it is at a price insufficient to satisfy the debt in full. In this regard, 11 U.S.C. § 551 preserves the avoided lien for the benefit of the estate and even as to exempt property 11 U.S.C. § 522(g), (h) and (i) do not override 11 U.S.C. § 551 as to liens avoided under 11 U.S.C. § 506(d). They do, however, override 11 U.S.C. § 551 as to liens avoided under 11 U.S.C. § 544 and 547. In fact, 11

U.S.C. § 522(g)(1)(A) expressly espouses the policy that a debtor cannot recover an interest in exempt property if he voluntarily granted such interest. 11 U.S.C. § 506(d) should not be construed so as to write 11 U.S.C. § 522(g)(1)(A) out of the Code. The Court would be doing precisely that if it permits a mortgage to be avoided under 11 U.S.C. § 506(d). Moreover, in Chapter 7 it appears that 11 U.S.C. § 725 establishes a right in the secured creditor if properly pursued for the return to the creditor of any property that the trustee has not otherwise administered. Thus, even if the debtors' motion under 11 U.S.C. § 506(d) were granted, the avoided lien is property of the estate under 11 U.S.C. § 551 and the creditor could avoid an abandonment to the debtor by a timely motion under 11 U.S.C. § 725.

Finally, it is unconstitutional to take a property interest from someone without adequate compensation. A mortgage is a property interest. In New York State, at least, a mortgage is the right to realize upon the collateral in satisfaction of the debt. The mortgagee has a number of years after default in which to commence a foreclosure action. It is readily apparent that as to appreciating property, a mortgage may be more valuable than the market value of the collateral at a given point in time. Within the statute of limitations, a mortgagee may sit back and enjoy the benefits of that appreciation. Moreover, the mortgagee who forecloses may bid for the property at foreclosure and is thus given an opportunity to own it and enjoy the benefits of appreciation. Therefore, it is incorrect to say that a lien avoided under 11 U.S.C. § 506(d) has no value and that nothing is being taken from the creditor that requires compensation. Under the facts at bar, the right to enjoy the benefits of appreciation under either of the above fact situations is being taken away.

In 11 U.S.C. § 722, Congress does take away these benefits but only as to household goods which long experience and Congressional findings disclose almost never appreciate. Moreover, the compelling public policy of reducing inordinate reaffirmation leverage previously wheeled by finance companies was the basis for 11 U.S.C. § 722. In the legislative history to 11 U.S.C. § 361(3), 363(f) and (k), 1111(b)(1)(B), (2), 1129(b)(2)(A) and 1325(a)(5)(C), Congress recognized that the surrender of the collateral to the lienor or at least the sale of the property with the opportunity to the lienor to buy it is necessary to cash out a lienor at the present value of his collateral. Whether the just compensation clause of the Constitution permits a lienor of appreciating property to be cashed out without an opportunity to buy the property is at least in doubt. Since a Court has a duty to attempt where possible to avoid an unconstitutional interpretation of federal statutes it cannot adopt a interpretation of 11 U.S.C. § 506 which is susceptible to being unconstitutional.

Therefore, recognizing the arguments set forth above, the motion of Marine for the lifting of the stay is hereby granted. The stay is lifted and Marine may proceed to foreclose in State Court.