In re Friedhelm CORDES, Marlene Cordes, Debtors.

GEICO FINANCIAL SERVICES, INC., Plaintiff,

v.

Friedhelm CORDES, Marlene Cordes, John Kroh, Trustee, Defendants.

Friedhelm CORDES, and Marlene Cordes, Plaintiffs,

v.

GEICO FINANCIAL SERVICES, INC., et al., Defendants.

PRECISION MORTGAGE SERVICE, INC. and Precision Mortgage Corporation, a California corporation, Counter-claimants,

v.

Friedhelm CORDES and Marlene Cordes, Counter-defendants.

Bankruptcy No. SA 83–01110 PE.
Ref. No. M3–164.
Adv. No. SA 83–2599.

United States Bankruptcy Court,
C.D. California.

March 13, 1984.

---

Pagter Law Corporation, Santa Ana, Cal., for Cordes.

A.C. Foell, Garden Grove, Cal., for Geico Financial Services, Inc.

Blake, Niermann & Barnett, Santa Ana, Cal., for Precision Mortgage Services.

## MEMORANDUM OF DECISION ON MOTION TO AMEND FINDINGS

PETER M. ELLIOTT, Bankruptcy Judge.

The Chapter 7 debtors seek to amend the judgment entered December 16, 1983 and the findings of fact and conclusions of law contained in my memorandum of decision, particularly as to the secured status of Government Employees Insurance Co. (Geico) under 11 U.S.C. § 506.

The issue is whether the court can avoid a lien on the Chapter 7 debtors' residence to the extent that the obligation exceeds the amount of the creditor's secured claim. I hold that the lien cannot be avoided.

Geico filed a secured claim for $100,000. in the Cordeses' bankruptcy case on April 1, 1983. In the findings of fact filed November 17, 1983, I made the following findings:

24. The property commonly known as 1867 Las Lanas Lane, Fullerton, California, is worth the sum of $182,000.00.

25. There is a balance due to Great Western Savings and Loan on a note secured by a first trust deed on the prop-erty of approximately $98,000. There is a balance due Geico on its note secured by a deed of trust on the property of approximately $108,000.

The debtors' complaint in SA 83–2599 was filed on July 15, 1983. The fourth claim for relief alleges that Geico is undersecured and the debtors pray that the court value Geico's interest in the debtors' residence and declare that Geico's claim be declared unsecured in the amount of the claim which is in excess of the value of Geico's interest. The debtors further pray that Geico reduce its obligation to the value of its interest in the property (its secured claim) and permit the debtors to reinstate their loan by paying off the secured claim. The debtors rely upon 11 U.S.C. § 506(a) and (d) and case law interpreting that section. Section 506(a) provides, in part,

An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim.

Under this section, if applicable, Geico would hold a secured claim for $84,000. and an unsecured claim for $24,000. Section 506(d)(1) provides:

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) a party in interest has not requested that the court determine and allow or disallow such claim under section 502 of this title;

Because Geico has filed a secured claim and the debtors have, in effect requested that I determine and allow Geico's claim as part secured and part unsecured, 11 U.S.C. § 506(d)(1) is complied with. That distinguishes this proceeding from *In re Hotel Associates Inc.*, (Bkrtcy.E.D.Pa.1980) 3 B.R. 340, 6 B.C.D. 145 (no claim filed by creditor) and *In re Spadel*, (Bkrtcy.W.D.Pa.1982) 28 B.R. 537, 10 B.C.D. 506 (no request to allow claim under § 502).

Section 506 does not operate in a vacuum. It must be read together with other parts of the Code. For example, § 363(b) authorizes the trustee to sell property of the estate and subsection (k) of § 363 provides:

> At a sale under subsection (b) of this section of property that is subject to a lien that secures an allowed claim, if the holder of such claim purchases such property, such holder may offset such claim against the purchase price of such property.

The legislative history shows:

> Subsection (e) [now (k)] also provides that where a sale of the property is proposed, an entity that has an interest in such property may bid at the sale thereof and set off against the purchase price up to the amount of such entity's claim. No prior valuation under section 506(a) would limit this bidding right, since the bid at the sale would be determinative of value.

Senate Report 95–989, 95th Cong.2d, Sess. 55, U.S.Code Cong. & Admin.News 1978, p. 5787, (1978).

The language in § 363(k) refers to a lien secured by an allowed claim, not a lien secured by an allowed secured claim (Cf. § 722—redemption for payment of allowed secured claim).

Section 506 would not afford the debtors the relief they seek in Chapter 13 because § 1322(b)(2) does not permit modification of the rights of a holder of a claim secured by debtor's principal residence. And, although § 506 would come into play in Chapter 11, Geico would have additional rights such as the § 1111(b)(2) election.

To the extent that the debtors seek to avoid Geico's lien, they seek to redeem the property for the amount of Geico's secured claim.

11 U.S.C. § 722 allows a debtor to "... redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dischargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien."

In light of the exclusion of real property from § 722, it is obvious to me that Congress did not intend to permit the debtor to redeem his real property through § 506(d). *Inclusio unius est exclusio alterius.*

Even if § 722 included real property, redemption requires a lump sum cash payment, *In re Carroll,* (Bkrtcy.App.Pan. 9th Cir.1981) 11 B.R. 725.

In conclusion, I agree with the decision in *In re Mahaner,* (Bkrtcy.W.D.N.Y.1983) 34 B.R. 308 and hold that the debtors are not entitled to an order avoiding Geico's lien on their residence to the extent that Geico's claim exceeds Geico's secured claim.

I disagree with and decline to follow cases cited by debtors to the extent applicable to this proceeding, namely, *Brace v. State Farm Mutual Insurance Co.,* (Bkrtcy. S.D.Ohio 1983) 33 B.R. 91, 8 B.C.D. 347 which, in turn, relies on *In re Tanner,* (Bkrtcy.W.D.Pa.1981) 14 B.R. 933, 8 B.C.D. 347 and the line of cases which follow that decision: *In re Rappaport,* (Bkrtcy. E.D.Pa.1982) 19 B.R. 971, 6 C.B.C.2d 749, *In re Vigne,* (Bkrtcy.W.D.Pa.1982) 18 B.R. 946.