**In re Darold Gene SLOAN, Debtor.**

**Bankruptcy No. 85B5344 J.**

United States Bankruptcy Court,
D. Colorado.

Jan. 28, 1986.

George T. Carlson, Littleton, Colo., for debtor.

Edwin G. Perlmutter, of Berenbaum & Weinshienk, Denver, Colorado and Jeff Pohl, of McGinley, Lane, Mueller, O'Donnell & Merritt, P.C., Ogallola, Neb., for Keith County Bank & Trust Co.

## ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on the Debtor's Motion for Determination to Void Deed of Trust under 11 U.S.C. § 506(d).

Debtor and his wife (who is not a debtor in bankruptcy) purchased their residence in 1984 for approximately $105,000.00, paying $5,000.00 cash down and obtaining a loan from American Continental Mortgage Co. for the balance and gave a first deed of trust to American. Subsequently, they obtained a loan from Keith County Bank & Trust Co., and gave a second deed of trust to Keith. The balances owed to American and Keith are approximately $99,396.00 and $73,000.00, respectively. The value of the residence is approximately $102,000.00 according to the Debtor's expert.

Aside from some procedural issues raised by Keith, the legal issue is whether or not the Debtor may use § 506(d) to void the lien of Keith to the extent Keith's claim is unsecured. This Court holds that the Debtor in a Chapter 7 may not use § 506(d) to void the consensual lien of a creditor on the real property residence of the Debtor. Although there are several reported cases that have held to the contrary, this Court agrees with, and adopts the reasoning of the cases of *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983); and *In re Cordes*, 37 B.R. 582 (Bankr.C.D.Cal.1984).

It is, therefore

ORDERED that the within Motion is denied.