In re Robert B. WORRELL and Joanne M. Worrell, Debtors.

Robert B. WORRELL and Joanne M. Worrell, Plaintiffs-Appellants,

v.

The FEDERAL LAND BANK OF ST. LOUIS, and United States of America, acting through Farmers Home Administration, a Division of the United States Department of Agriculture, Defendants-Appellees.

Bankruptcy No. 85–1358.

United States District Court, C.D. Illinois.

July 7, 1986.

Carl F. Reardon, East Peoria, Ill., for Robert and Joanne Worrell.

Douglas R. Lindstrom, Galesburg, Ill., for Federal Land Bank.

L. Lee Smith, Asst. U.S. Atty., Peoria, Ill., for USA–FmHA.

### ORDER

MIHM, District Judge.

The Appellants/Debtors, Robert B. Worrell and Joanne M. Worrell, filed this appeal as of right pursuant to Bankruptcy Rule 8001 from an order of the United States Bankruptcy Court of the Central District of Illinois. The bankruptcy court entered an order on July 19, 1985, dismissing the Plaintiffs/Appellants' Complaint to Determine Secured Status of the Federal Land Bank of St. Louis and United States of America, acting through Farmers Home Administration.

The Plaintiffs filed a voluntary petition in bankruptcy under Chapter 7 of the Bankruptcy Code and on March 12, 1985, they filed the adversary proceeding which is the subject of this appeal. At the time that they filed for bankruptcy, the Plaintiffs were the owners of two parcels of real estate which they alleged are worth $293,000 together.

The Defendant, Federal Land Bank of St. Louis, holds a first mortgage on the two parcels of real estate in the amount of $400,528.77. The United States of America, acting through Farmers Home Administration, a division of the United States Department of Agriculture, holds a second mortgage on the Plaintiffs' real estate in the amount of $120,691.53. The total of the first and second mortgages, $521,220.30, exceeds the listed value of the real estate as claimed by the Debtors on their bankruptcy schedule by $228,220.30.

The Plaintiffs, pursuant to 11 U.S.C. § 506(d), petitioned the bankruptcy court to determine the amount of the Defendants' allowed secured claims against the real estate described above, and to the extent that such claims were not secured by the real estate, to declare the Defendants' liens void. As part of their petition, the Plaintiffs also requested that the bankruptcy court determine the maturity and amount of the payment on the secured portion of the Defendants' claim after the court had voided the unsecured portion. The United States of America filed an answer to the complaint of the Debtors, and the Federal Land Bank of St. Louis responded by filing an answer and a first affirmative defense under Rule 12(b) of the Federal Rules of Civil Procedure that the complaint should be dismissed for failing to state a claim.

The bankruptcy court held a hearing on the motion on July 15, 1985, at which time the court heard argument from attorneys for the Debtors and the Defendants. On July 19, 1985, the bankruptcy court entered an order granting the motion to dismiss, and the Debtors filed this appeal on July 29, 1985.

Jurisdiction over this bankruptcy appeal is conferred by 28 U.S.C. § 158(a), which grants the district court jurisdiction to hear appeals from final judgments, orders, and decrees entered in cases and proceedings referred to bankruptcy judges. Bankruptcy Rule 8013 sets forth the applicable standard of review for the district court to use in reviewing the decisions of bankruptcy judges. Rule 8013 states:

"On appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

This standard is the same as that under Rule 52(a) of the Federal Rules of Civil Procedure for an appellate court's review of a district court's findings of fact.

In appealing the decision of the bankruptcy court, the Plaintiffs contend that

the bankruptcy court does indeed have jurisdiction under § 506(d) of the Bankruptcy Code, 11 U.S.C. § 506(d), to value the Defendants' security (the two parcels of real estate) and to void the Defendants' mortgages to the extent that they exceed the fair market value of the real estate and its improvements. In other words, the Plaintiffs argue that the Defendants should retain a secured claim with a lien upon the real estate only in the amount of the appraised value of the property, and to the extent that the Defendants' claims exceed the fair market value of the real estate, the court should find that the claim is unsecured and void.

The Defendants take the position that the bankruptcy court acted properly in dismissing the Plaintiffs' Complaint to Determine Secured Status, because a Chapter 7 debtor cannot utilize § 506(d) to avoid any portion of the Defendants' liens upon the Plaintiffs' real estate. The Defendants argue that it is against public policy for a court to use § 506(d) to allow a Chapter 7 debtor to avoid a real estate mortgage lien, because that would enable the debtor to retain more than he could in a Chapter 11 or Chapter 13 bankruptcy. The Defendants try to further bolster their arguments by comparing § 506(d) with § 722 of the Bankruptcy Code and arguing that § 722, by specifically allowing a Chapter 7 debtor to redeem personal property, implicitly excludes such a debtor from redeeming any real property.

This appeal, then, presents the Court with the issue of whether § 506(d) of the Bankruptcy Code allows a debtor to avoid a real property mortgage to the extent that the mortgage exceeds the value of the mortgaged property. Because the bankruptcy court answered this question in the negative and dismissed the Debtors' complaint, the bankruptcy court never determined the fair market value of the Debtors' two parcels of real estate and did not discuss the procedure whereby the Debtors would be able to redeem their property. The issue before this Court is clearly a matter of law for this Court to determine,

and a review of the relevant cases shows that courts are divided on this issue.

Section 506 of the Bankruptcy Code provides:

"Section 506. Determination of Secured Status.

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to set off under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to set off, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest. . . .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title. 11 U.S.C. § 506 (1984) (the exceptions (1) and (2) under § 506(d) are not applicable to this case)."

The Notes of Committee on the Judiciary, Senate Report No. 95–989 explains section 506(a) by saying:

"Subsection (a) of this section separates an undersecured creditor's claim into two parts: He has a secured claim to the extent of the value of his collateral; and he has an unsecured claim for the balance of his claim. . . . Throughout the bill, references to secured claims are only to the claim determined to be secured under this subsection, and not to the full amount of the creditor's claim.

Subsection (d) provides that to the extent a secured claim is not allowed, its lien is void...."

The Notes of Committee on the Judiciary, House Report No. 95–595 describes the operation of § 506(d):

"Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed."

As noted earlier, the courts which have considered this question are divided over whether Chapter 7 debtors can use § 506 to avoid a lien on real property. The leading case on this issue is *In re Tanner*, 14 B.R. 933 (Bankr.W.D.Penn.1981), which held that a Chapter 7 debtor can use the provisions of § 506 to avoid a lien on real property to the extent that the amount of the lien exceeds the value of the collateral. The vast majority of the courts which have considered this issue are in accord with *Tanner*, including three decisions out of the Bankruptcy Courts of the Northern District of Illinois and a decision by U.S. Bankruptcy Judge Larry Lessen in the Central District of Illinois. *In re Lindsey*, 64 B.R. 19 (1986); *In re Lyons*, 46 B.R. 604 (Bankr.N.D.Ill.1985); *In re Roth*, 38 B.R. 531, 540 (Bankr.N.D.Ill.), *aff'd*, 43 B.R. 484 (N.D.Ill.1984); *Walker v. First Federal Savings & Loan*, 11 B.R. 43 (Bankr.N.D.Ill. 1981). The *Tanner* court concluded, as did *Lyons* and *Lindsey*, that § 506(d) does allow a Chapter 7 debtor to avoid real property mortgages because the Bankruptcy Code as a whole shows that the word "lien", used in § 506(d), is given a broad definition in § 101(31) which does not exclude real estate mortgages. In addition, *Tanner* found that § 506(d) did not act as an unconstitutional deprivation of a lienholder's property, explaining that an undersecured mortgagee holds an empty legal right rather than a valuable property right and that a foreclosure sale outside of a bankruptcy proceeding would have the same effect of extinguishing the lien lack-

ing any present property value. *In re Tanner*, 14 B.R. at 938.

On the other hand, the two most frequently cited cases which reached a different conclusion are *In re Cordes*, 37 B.R. 582 (Bankr.C.D.Cal.1984) and *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983). These two cases, the only two cited to the Court for the proposition that § 506(d) may not be used to avoid a real estate mortgage in a Chapter 7 bankruptcy, concluded that it would be an unconstitutional deprivation of a property interest for a court to permit a Chapter 7 debtor to use § 506 to avoid a mortgage lien, especially in view of Congress' explicit procedure for allowing debtors to redeem personal property under § 722 of the Bankruptcy Code. The *Mahaner* court also concluded that it would be poor public policy to allow a Chapter 7 bankruptcy debtor to redeem and retain property which he would not otherwise be able to do under a Chapter 11 or Chapter 13 reorganization plan, since one of the underlying public policies of the Bankruptcy Code is to promote repayment rather than liquidation and discharge.

The Court feels that there is nothing to be gained by going into an extensive repetition of the various legal arguments that have been set forth on this issue. The cases of *In re Tanner, In re Lyons*, and *In re Lindsey* do a fine job of explaining the reasoning behind allowing a Chapter 7 debtor to avoid a real estate mortgage lien. The *Mahaner* court described a number of ways of analyzing the issue to reach the opposite conclusion, a result which few courts after *Mahaner* have followed. Repeating in detail the opposing lines of argument would serve no purpose other than to unduly lengthen the Court's order on this matter.

The Court finds, in light of the statutory language used in the Bankruptcy Code, that § 506(d) does allow a Chapter 7 bankruptcy debtor to avoid that portion of a real estate mortgage lien which is not secured by the fair market value of the real estate. As the *Tanner* case points out, § 506(d)

uses the word "lien" and the Bankruptcy Code gives a broad definition to the word lien in § 101(31): " 'Lien' means charge against or interest in property to secure payment of a debt or performance of an obligation." This Court is under a duty to interpret the law as it is written, and neither § 506(d) nor § 101(31) excludes real estate mortgages.

Moreover, this interpretation of § 506(d) is not inconsistent with § 722, which describes the process by which a Chapter 7 debtor can redeem personal property. The focus of § 506 is on defining what is meant by an unsecured lien and an undersecured lien and describing the effect of each in the bankruptcy. Section 506(d) does not deal with any type of redemption process, and this Court feels that to look at it as such would involve reading more into the statute than is written. Congress amended the Bankruptcy Code in 1984 and at that time had the opportunity to attach a more specific meaning to the use of the word "lien" in § 506(d). Congress did not specify that real estate mortgages were not to be included within § 506(d), and this Court refuses to do so also.

Even though the Court is holding that a Chapter 7 debtor may use § 506(d) to avoid the operation of a real estate mortgage lien upon his property to the extent that the lien exceeds the value of the property, the Court finds this result unfair and difficult to accept. As the Court said in *Lyons,* "[I]t seems manifestly unfair to permit a debtor to retain his house after avoiding liens to the extent they exceed the value of the collateral." 46 B.R. at 606–07. This is a difficult problem from a policy perspective because of the Court's sense of what is right and equitable. Nevertheless, the bottom line is that this is a question which Congress should address because the Court cannot rewrite this section of the Bankruptcy Code, and the result reached today appears to be the one which the Code compels.

Therefore, the Court orders that the decision of the Bankruptcy Court is REVERSED. This case is remanded to the Bankruptcy Court so that the Court can determine the value of the Debtors' real estate and the extent to which the mortgages of the Defendants exceed the value of the property. The Court has not addressed the issue of how the Plaintiff may go about redeeming the real estate once the Bankruptcy Court has applied § 506(d), because that is a matter for the Bankruptcy Court to handle on remand.