In re Samuel L. **SPRECHER**, Debtor.

Samuel L. **SPRECHER**, Plaintiff,

v.

**BANK OF YATES CITY**, Defendant.

Bankruptcy No. 86–80551.
Adv. Nos. 86–8197, 86–8057.

United States Bankruptcy Court,
C.D. Illinois.

Sept. 30, 1986.

---

Carl F. Reardon, East Peoria, Ill., for plaintiff.

John C. Potter, Farmington, Ill., for defendant.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

The Debtor filed a Chapter 7 proceeding in bankruptcy. In the Chapter 7 proceeding he filed two adversary proceedings under Sections 502 and 506 of the Bankruptcy Code to determine the secured status of the claim of Bank of Yates City in certain farm machinery, livestock equipment, and livestock. Adversary No. 86–8057 involves the farm machinery and livestock equipment, and Adversary No. 86–8197 involves the livestock. Prior to the Debtor's filing of his Chapter 7 proceeding, the Bank of Yates City had made a loan to the Debtor. The loan is secured by the Debtor's interest in the farm machinery, livestock equipment and livestock. As to certain farm machinery, the Debtor has only a half interest, the other half interest being jointly held by his brother. Other items of farm machinery are solely owned by the Debtor. The Debtor also owns a half interest along with his brother in certain livestock equipment and as to certain other livestock equipment he has a full interest. The Debtor's interest in the livestock is only a one-fourth interest.

The bank claims a lien on the Debtor's interest in the machinery, equipment, and livestock in the amount of $79,278.93.

At the hearing, only the Debtor presented valuation testimony. The Debtor's appraiser, based upon the following calculations, found the Debtor's one-half interest in the farm machinery to be worth $12,189.00. The appraiser first found the full value of the equipment to be $60,945.00. He then divided the $60,945.00 by 2, to reflect the Debtor's one-half interest. He then discounted the $30,472.00 by 60% to $12,189.00, for the reason the property was jointly owned with another and any prospective purchaser of the Debtor's one-half interest would not pay the full value for that interest because of the uncertainty associated with using the equipment with another. The Debtor's appraiser found the farm machinery in which the Debtor has a full interest, to have a value of $3,025.00. As to the livestock equipment in which the Debtor has only one-half interest, the appraiser followed the same procedure as outlined above and found the value of the Debtor's interest to be $301.00. The appraiser applied a 50% discount to the interest in the livestock equipment because he believed that although the equipment could more easily be shared by two owners, a prospective purchaser would still be concerned with the uncertainty associated with joint use. As to the livestock equipment in which the Debtor has a full interest, the Debtor's appraiser found its value to be $165.00. Finally, the appraiser found that the Debtor's one-fourth interest in the livestock to be $4,749.00. Following a similar approach to that outlined above he found the full value of the livestock to be $37,992.00. That figure was then adjusted to $9,498.00 to reflect the Debtor's one-fourth ownership, and that figure was similarly discounted by 50% to $4,749.00. Listed below is a summary of the values determined by the Debtor's appraiser.

| Description of Property | Full Fair Market Value | Debtor's Ownership | Value of Debtor's Full or Proportionate Share Prior to Discount | Value of Debtor's Full or Proportionate Share After Discount | |
|---|---|---|---|---|---|
| Farm Machinery | $60,945.00 | 1/2 | $30,472.00 | $12,189.00 | (60%) |
| Farm Machinery | $ 3,025.00 | Full | $ 3,025.00 | $ 3,025.00 | |
| Livestock Equipment | $ 1,205.00 | 1/2 | $ 602.50 | $ 301.00 | (50%) |
| Livestock Equipment | $ 165.00 | Full | $ 165.00 | $ 165.00 | |
| Livestock | $37,992.00 | 1/4 | $ 9,498.00 | $ 4,749.00 | (50%) |
| Totals | | | $43,762.50 | $20,429.00 | |

The defendant Bank does not object to the appraiser's full value of any of the items, nor does the Bank object to the adjustment to reflect the Debtor's partial interest. However, the Bank does object to the final discount applied by the appraiser to reflect what the appraiser believes would be the effect of the uncertainties associated with co-ownership with an unknown party.

Section 506(a) of the Bankruptcy Code provides that a secured creditor has a secured claim to the extent of the value of the property. That section further provides that the value of the collateral "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property...." The legislative history indicates that the courts must take a flexible approach and that each case must be decided upon its own facts and the com-

peting interests in the case. H.Rep. No. 95–595, 95th Cong., 1st Sess. 356 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6312; *Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir.1981). Very different considerations come into play depending upon whether the property is to be disposed of or whether it is to be retained by the debtor. *See* 3 *Collier on Bankruptcy*, par. 506.04 [2] (15th ed. 1986). Here, the purpose of the valuation is to fix the amount which the debtor must pay the Bank in order to redeem the property.[1] It is within this context that the value of the property must be determined.

■■■ This Court starts with the generally accepted principle that the value of an undivided, fractional interest in property may be less than a proportionate share of the fair market value of the whole due to the attendant problems of divided control and ownership. As a result, fractional interests typically sell at a discount and appraisers often apply a discount in assessing the fair market value of such a fractional interest. Factors relevant to a determination of what discount, if any, is applicable include the type of property, the size of the divided interest owned and the number and relationship of other owners. Where the ownership is scattered amongst various unrelated parties, the value might properly be discounted. On the other hand, where the relationship between the various undivided owners is so close that it is likely that the property in question would be sold as a whole unit rather than by a sale of the separate undivided interests, application of a discount factor might not be appropriate. Not only is the familial relationship between the owners a factor to be taken into account, but their relationship with respect to the operation and disposition of the property must also be considered.

■■■ Returning to the facts of the present case, this Court concludes that although the value of the Debtor's interest in the farm machinery, livestock equipment and livestock should properly be adjusted to reflect his fractional interest, it should not be discounted further to reflect the decreased value which a hypothetical purchaser would be willing to pay. The Debtor is going to retain the property and, presumably, continue to use it in a farming and livestock operation. There will be no sale of the Debtor's fractional interest in the property in the marketplace. Furthermore, the owner of the remaining interest in the property is the Debtor's brother. This Court can reasonably assume that the Debtor and his brother will continue their joint ownership in a harmonious fashion and that when the property is sold, it will be on a consensual basis.

Accordingly, I find that the fair market value of the Debtor's interest in the farm machinery, livestock equipment and livestock to be that determined by the Debtor's appraiser, prior to application of the discount to reflect the reduced marketability of fractional interests.[2] That value is $43,762.50. The parties have stipulated the amount of the Bank's lien is $79,278.93. Therefore, the Bank is secured on its claim in the amount of $43,762.50 and unsecured in the amount of $35,516.43. The Debtor may redeem the property by paying to the Bank an amount equal to the value of the

1. In addition to seeking a determination of the amount of the Bank's allowed secured claim, the Debtor requests this Court to determine the maturity and amount of payments due on that claim. Under *In re Worrell*, 67 B.R. 16 C.D.Ill.1986, a decision of the District Court for the Central District of Illinois, Judge Mihm held that a debtor may avoid a mortgage on real property to the extent that the mortgage exceeds the value of the mortgaged property. This Court, in *In re Lindsey*, 64 B.R. 19 (1986), held that in order to redeem real property the debtor must pay the full value as fixed by the court to the secured creditor within 30 days. In following those decisions here, this Court is aware of Section 722 which provides for the redemption of consumer goods and of the contrary position taken by other courts that a debtor's right to redeem is exclusively governed by Section 722. *See, In re Maitland,* 14 C.B.C.2d 1255 (Bkrtcy. E.D.Va.1986).

2. The Court's decision does not mean that a discount will never be appropriate in valuing fractional interests. Because each case must be decided on its own facts, this decision is of little precedential value.

property as herein determined within thirty (30) days from the date of this Order. In the event the Debtor fails to so redeem the property, the automatic stay will be lifted and the Bank will be allowed to proceed against the property.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.