In re Clarence CROUCH, Jr., Pamela Sue Eubank Crouch, Debtors.

Clarence CROUCH, Jr., Pamela Sue Eubank Crouch, Plaintiffs,

v.

PIONEER FEDERAL SAVINGS BANK and the Lomas & Nettleton Company, Defendants.

Bankruptcy No. 5-87-00083.
Adv. No. 5-87-0017.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Aug. 7, 1987.

Ellen M. Arthur, The Legal Aid Soc. of Roanoke Valley, Lexington, Va., for debtors.

Scot A. Katona, Crenshaw, Ware & Johnson, Norfolk, Va., for Pioneer Federal Sav. Bank.

James J. Burns, Williams, Mullen, Christian & Dobbins, P.C., Richmond, Va., for The Lomas & Nettleton Co.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

This matter comes before the Court for decision as a result of a Complaint filed by the Chapter 7 Debtors requesting that this Court declare that the second lien deed of trust in favor of Pioneer Federal Savings Bank on the property having a street address of 364 Hillside Drive, Buena Vista, Virginia, is void pursuant to 11 U.S.C.

§ 506(d). The Defendants have filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted. The parties have filed memoranda with respect to the Motion to Dismiss.

■ The Defendants raise the question in their memorandum as to whether or not the Debtors may avoid a lien against real property of the estate to the extent that the lien secures a claim that is not an allowed secured claim. The Defendants' position is that the Debtors should not be able to utilize § 506(d) to avoid a lien because such use by a debtor in a Chapter 7 proceeding is tantamount to permitting a redemption of real property from the lien of a valid mortgage and that such a redemption is neither permitted under the provisions found in Chapter 7 of the Bankruptcy Code nor permitted in the provisions of Chapter 13 of the Bankruptcy Code. The Defendants rely, in part, on *In re Maitland,* 61 B.R. 130 (Bankr.E.D.Va.1986) which held that a debtor could not use § 506(d) to avoid real property liens to the extent that the liens were undersecured when the real property encumbered by the lien had been abandoned by the trustee. *Id.* at 134. The *Maitland* decision can be distinguished from the case at bar in that the real property involved in the instant case, and which is subject to the lien of the deed of trust, has not yet been abandoned.

The Defendants also rely on *In re Mahaner,* 34 B.R. 308 (Bankr.W.D.N.Y.1983). The *Mahaner* case arose in the context of a proceeding instituted by a secured creditor to lift the automatic stay of 11 U.S.C. § 362. The Debtors responded to the Motion for Relief from the Stay by a responsive pleading seeking a valuation of the property under 11 U.S.C. § 506 for the purpose of paying off the secured interest of the lienholder. Thus, in *Mahaner* the real property had not been abandoned and the Court held that the debtor could not utilize 11 U.S.C. § 506 to avoid the lien in a Chapter 7 case.

■ It is interesting to note that the *Mahaner* Court did not discuss the plain meaning of the Code section which states as follows: "(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, ..." 11 U.S.C. § 506(d) (1987). Rather than discuss the plain meaning of the statute, the *Mahaner* Court advanced three reasons for finding that 11 U.S.C. § 506(d) was not available to a debtor in a Chapter 7 proceeding. The first reason advanced was that 11 U.S.C. § 722 would be rendered total surplusage. However, it appears to this Court that to arrive at this conclusion one must assume that § 506(d) is a redemption statute. Section 506(d) is not a redemption provision. Rather, it is one of lien avoidance. Counsel for the Defendants in their memorandum and at oral argument attempted to persuade the Court that redemption will immediately follow lien avoidance so that § 506(d), when utilized by a debtor, is redemption by another name. However, the assumptions asserted by counsel for the Defendants do not, necessarily, follow lien avoidance. Should the debtor successfully avoid a lien under § 506(d), such lien avoidance does not automatically give rise to any redemptive right since under 11 U.S.C. § 551 there is an automatic preservation of the avoided lien for the benefit of the estate as long as it remains property of the estate. Further, if abandonment of the property should occur after the lien avoidance, then any redemptive right available to the debtor arises under the debtor's contractual obligation with the creditor and pursuant to debtor's rights under state law.

■ A second reason advanced by the *Mahaner* Court is a public policy argument which asserts that the Bankruptcy Code and the legislative history of the Code strongly encourage repayment plans rather than liquidation. The *Mahaner* Court reasons that the policy of repayment plans would be thwarted if the debtor may utilize 11 U.S.C. § 506(d) since such lien avoidance would permit the debtor in a Chapter 7 to achieve that which could not be achieved in a Chapter 11 or Chapter 13 proceeding. However, the Court notes that lien avoidance pursuant to § 506(d) appears to be equally available to debtors proceeding under Chapters 11 and 13. 11 U.S.C. § 103(a)

(provisions of Chapter 5 apply to cases under Chapters 7, 11, 12 and 13). A developing line of cases holds that a Chapter 13 debtor may use § 506 to bifurcate the claim of an undersecured creditor, and to avoid its lien to the extent the claim is thereby deemed unsecured, even when the sole collateral is the debtor's principal residence, and notwithstanding the provisions of 11 U.S.C. § 1322(b)(2). *See, e.g., In re Jablonski,* 70 B.R. 381 (Bankr.E.D.Pa. 1987); *In re Bruce,* 40 B.R. 884 (Bankr.W. D.Va.1984); *In re Spadel,* 28 B.R. 537 (Bankr.E.D.Pa.1983); *In re Neal,* 10 B.R. 535 (Bankr.S.D.Ohio 1981). *See also* 5 Collier on Bankruptcy ¶ 1322.06[1][a] (15th ed. 1987). *But see In the Matter of Smith,* 63 B.R. 15 (Bankr.D.N.J.1986).

In addition to the Code policy of encouraging repayment plans, this Court believes that there is a companion policy of providing the debtor with a "fresh start." This policy has existed throughout the history of the bankruptcy law, and makes the debtor a party in interest in § 506(d) proceedings. *In re Everett,* 48 B.R. 618, 620–621 (Bankr.E.D.Pa.1985).

To be sure, the public policy of repayment plans was more strongly emphasized with the passage of the Bankruptcy Code; however, Chapter 7 remained in the new Bankruptcy Code as well. It is clear that not all debtors qualify for Chapter 13 proceedings and many are not eligible, from an economic and from a practical standpoint, to utilize the provisions of Chapter 11. These Debtors may well have a home which is worth less than the debts which it secures and this Court sees no reason why these Debtors should not have the opportunity to avail themselves of the fresh start policy of the Bankruptcy Code to the fullest extent permitted by the plain language of the Bankruptcy Code. *See In re Tanner,* 14 B.R. 933 (Bankr.W.D.Pa.1981).

■ The third reason advanced by the *Mahaner* Court for its interpretation of 11 U.S.C. § 506(d) is that it would be unconstitutional to take a property interest from someone without adequate compensation. *Mahaner* at 310. This Court is of the opinion that the constitutional issue of due process was adequately addressed in the *Tanner* case, *supra,* when Judge Cosetti found that a creditor is not denied procedural due process since the creditor has notice and an opportunity for hearing on the lien avoidance issue. Further, *Tanner* held that voiding a mortgage to the extent that it is undersecured is not an actual deprivation of property. *Tanner* at 938. This Court agrees with the rationale of ' *Tanner.*

■ Finally, there may be some question raised as to whether there is a deprivation of a property right due to the fact that a mortgagee may have some sort of expectancy interest in the property based upon either future anticipated appreciation in value or post-petition paydown of senior mortgages thereby creating equity in the property. This Court is of the opinion that the value of the secured creditor's interest in the property is determined as of the date of the filing of the petition for relief. Insofar as there are undersecured lien creditors, any post-petition appreciation in value of the property inures to the benefit of the debtor under the fresh start principle. In addition, if the secured creditor feels that there is economic value in the property based upon an expectancy interest, the secured creditor is clearly entitled to present evidence and argue that valuation point at the hearing on lien avoidance.

In conclusion, this Court does not find the reasoning used in the *Mahaner* decision persuasive in view of the plain meaning of § 506(d). Accordingly, an order will be entered denying the Motion to Dismiss filed by the Defendants.