**In the Matter of Paul D. FOLENDORE and Helen H. Folendore, Debtors.**

**Paul D. FOLENDORE, et al., Plaintiffs/Appellants,**

**v.**

**UNITED STATES of America, etc., Defendant/Appellee.**

**Civ. A. No. 87–295–1–MAC (WDO).**

United States District Court, M.D. Georgia, Macon Division.

April 19, 1988.

Danny L. Akin, Macon, Ga., for plaintiffs/appellants.

Lillian H. Lockary, Macon, Ga., for defendant/appellee.

OWENS, Chief Judge:

This case comes to the court on appeal from the order of the United States Bankruptcy Court for the Middle District of Georgia entered on September 30, 1987, which declared that the lien of the United States Small Business Administration (SBA) on certain real and personal property of Paul D. Folendore and Helen H. Folendore, appellants herein, was not void under 11 U.S.C. § 506 and 11 U.S.C. § 502. Based upon this finding, the bankruptcy court granted the SBA's motion for summary judgment and denied the Folendores' motion for summary judgment. This court has appellate jurisdiction to decide the propriety of the bankruptcy court's decision by reason of 28 U.S.C. § 158 (West 1987). In passing on an appeal from the bankruptcy court, the district court must make an independent determination of the legal issues, but must accept the bankruptcy judge's findings of fact unless those findings are clearly erroneous. *See* Bankr.R. 8013 (West 1984); and *State Farm Mutual Automobile Ins. Co. v. Fielder,* 799 F.2d 656, 657 (11th Cir.1986). With this standard in mind, the court will review the bankruptcy court's finding of fact and will apply the relevant law to these facts.

### Relevant Facts

For purposes of this appeal, the court need look no further than the facts established by the stipulation filed on November 4, 1986. This stipulation provides:

(1) that SBA holds perfected security interests in certain real and personal property owned by the Folendores;

(2) that the Federal Land Bank (FLB) and Central Georgia Production Credit Association (CGP) are creditors of the Folendores, with perfected security interests in the aforementioned property of the Folendores;

(3) that due to subordination agreements and prior filings, the liens of the FLB and CGP are superior to the lien of the SBA;

(4) that the combined claims of the FLB and CGP exceed the value of the aforementioned property; and

(5) that because the combined claims of the FLB and CGP exceed the value of the aforementioned property, SBA held an unsecured claim at the time the Folendores filed their petition for relief in bankruptcy. Looking at these facts, then, the court now proceeds to decide the contentions of the parties.

### Conclusions of Law

The bankruptcy court held below that the Folendores were not entitled to void the SBA lien because they had not previously requested the bankruptcy court to disallow the claim under 11 U.S.C. § 502. The Folendores assert that their Complaint To Determine Extent Of Lien is, in effect, a motion to avoid the lien of the SBA. They further contend that even if their complaint cannot be so construed, the bankruptcy court should have just dismissed the complaint so that the proper motion could have been filed before their bankruptcy case was closed. The government responds to these arguments by asserting that even if the bankruptcy court had liberally construed the Folendores' pleadings, those same pleadings would still not state a basis upon which the bankruptcy court could have avoided the SBA's lien. Specifically, the government's position is that a debtor may not avoid a consensual lien of a creditor simply because the value of the property is less than the amount of the lien.

In reaching a decision in this matter, the court recognizes that there are two lines of cases that have developed on the subject of

whether 11 U.S.C. section 506 may be used to avoid liens on real property when the value of the collateral is less than the amount of the liens on the property. Looking at these decision, the court is persuaded that the line of cases developing out of *In re Cordes*, 37 B.R. 582 (Bankr.C.D. Cal.1984) and *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983), most accurately state the law on this subject. These cases hold that a debtor in a Chapter 7 case may not use § 506(d) to void the consensual lien of a creditor solely because the lien is undersecured. *See also In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va.1986); and *In re Sloan*, 56 B.R. 726 (Bankr.D.Colo.1986). Accordingly, the court rejects the decision in *In re Tanner*, 14 B.R. 933 (Bankr.W.D. Penn.1981); and cases that have followed its reasoning.

Given this conclusion, the Folendores' argument that the pleadings filed in this case should be liberally construed is irrelevant because the court has found that the complaint as stated does not state a claim upon which relief can be granted. The bankruptcy court, therefore, properly granted summary judgment in favor of the SBA and denied the Folendores' motion for summary judgment. The bankruptcy court's decision of September 30, 1987, is, therefore, AFFIRMED in its entirety.