In re Roland GAGLIA, Jr. and Lynn Gaglia, Debtors.

Roland GAGLIA, Jr. and Lynn Gaglia, Appellants,

v.

FIRST FEDERAL SAVINGS & LOAN; Equibank; James P. Stampfel and Norma J. Stampfel, doing business as Stampfel's Nursery; and the Small Business Administration, Appellees.

Civ. A. No. 87–2013.
Bankruptcy No. 85–2556.

United States District Court,
W.D. Pennsylvania.

March 7, 1989.

Kenneth Steinberg, Pittsburgh, Pa., for debtors.

Edmond B. Smith, Pittsburgh, Pa., trustee.

Martha A. Ziegler and Reed J. Davis, Pittsburgh, Pa., for Equibank.

## MEMORANDUM OPINION

BLOCH, District Judge.

This matter comes before the Court on appeal from the Bankruptcy Court's denial of the debtors' motion to avoid liens and application for determination of secured status. 76 B.R. 82.

Debtors Roland and Lynn Gaglia purchased a home in 1980, financing much of it with a mortgage to Ft. Pitt Federal (now First Federal Savings & Loan). In 1983, the debtors offered their home as security on a loan from Equibank, to be used to partially finance a landscaping business. The debtors' home was thereby encumbered by mortgages in excess of $280,000. Upon failure of the business, Equibank assigned its mortgage interest to the Small Business Administration (SBA). The debtors then filed a motion to void the part of the encumbrances on the debtors' real estate which exceeded the fair market value of the real estate (valued at no more than $45,000). The United States Bankruptcy Court ruled that the debtors cannot void that part of the SBA's mortgage which exceeds the fair market value of the real estate. For the reasons set forth below, this Court agrees with the ruling of the Bankruptcy Court.

The issue before the Court is whether § 506 of the Bankruptcy Code, 11 U.S.C. § 506, allows for real property mortgage lien avoidance to the extent the mortgage exceeds the value of the debtors' collateral in a Chapter 7 case.[1]

---

1. A second issue regarding whether the Bankruptcy Court erred in holding that the Chapter 7 debtor may not use § 522(f) of the Bankruptcy Code to avoid the judicial liens which are in excess of the value of the property, even where there is no equity in the property, was not mentioned in the attorneys' briefs for either

Section 506 is most often used for determining the percentage of a secured party's debt that may receive special protection under a rehabilitative chapter of the Bankruptcy Code. Enacted as part of the 1978 revision of the bankruptcy laws, the section governs claims by creditors that are secured by a lien on the property in which the estate has an interest. Section 506(a) states that a claim is unsecured beyond the value of the property on which the lien is fixed. *See United States v. Ron Pair Enterprises, Inc.*, — U.S. —, —, 109 S.Ct. 1026, 1028–29, 103 L.Ed.2d 290 (1989).

Section 506(d) of the Bankruptcy Code provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).

■ Some debtors have used § 506 to void liens to the extent that the value of the liens exceeds the fair market value of the encumbered property. These debtors could then satisfy the remaining liens by payment to the lienholder and obtain an unencumbered title to the property. Bankruptcy courts are split on the issue of whether debtors should be allowed to use the provision in this manner. The better reasoning is that the purpose of § 506(d) is merely to facilitate the sale of collateral by the trustee or debtor-in-possession in order to extinguish the lien even though the sale price may be inadequate to satisfy the lien in full. *See In re Maitland*, 61 B.R. 130, 134 (Bankr.E.D.Va.1986).

■ The leading case holding that a debtor in a Chapter 7 bankruptcy may not use § 506(d) for mortgage lien avoidance is *In re Mahaner*, 34 B.R. 308 (Bankr.W.D.N.Y.1983). Although the Court is cognizant of *In re Tanner*, 14 B.R. 933 (Bankr.W.D.

Pa.1981), and those cases following its reasoning that § 506(d) provides for lien avoidance to the extent the liens exceed the value of the collateral, *Mahaner* and its progeny more properly interpret the law. *See In re Dewsnup*, 87 B.R. 676 (Bankr.D. Utah 1988); *Matter of Folendore*, 85 B.R. 180 (Bankr.M.D.Ga.1988); *In re Maitland*, 61 B.R. 130 (Bankr.E.D.Va.1986); and *In re Cordes*, 37 B.R. 582 (Bankr.C.D.Cal. 1984).

To follow the *Tanner* reasoning would render meaningless a section of the Code that does not permit the redemption of real property in a Chapter 7 proceeding, but rather only provides for the redemption of "tangible personal property." 11 U.S.C. § 722. If a debtor could pay an amount equal to the value of the real estate to the secured creditor holding the lien against the debtor's abandoned or exempted property, and then void the lien to the extent it is undersecured under § 506(d), this allowance of redemption of the encumbered property would make the restrictions on redemption contained in § 722 meaningless. *Mahaner*, 34 B.R. at 309.

Additionally, the *Mahaner* Court noted that allowing the use of § 506 to void an unsecured mortgage lien would discourage the use of the rehabilitative sections such as Chapters 11 and 13, which contemplate a repayment to unsecured creditors, in favor of use of Chapter 7 where, generally, little or no money is paid to these creditors. *Mahaner*, 34 B.R. at 309. Chapter 13 does not allow the debtor to modify the mortgage on his principal residence when the creditor holds no other security. 11 U.S.C. § 1322(b)(2). Chapter 11 proceedings permit the secured creditor to ensure that the lien will remain in effect in the full amount. *See* 11 U.S.C. §§ 1111(b)(2), 1129; *Mahaner*, 34 B.R. at 309. It is unlikely that Congress intended 11 U.S.C. § 506(d) to permit a Chapter 7 debtor to eliminate consensual liens on his or her residence when the debtor could not do so under one of the rehabilitative chapters. *See Mahaner*, 34 B.R. at 308. This is even more apparent in light of the revisions of the Bankruptcy Code under the Bankruptcy Amendments

party, and the issue has been deemed waived for this appeal.

and Judicial Reform Act of 1984, evidencing a congressional intent "to steer debtors who are eligible for Chapter 13 away from Chapter 7." *In re Maitland*, 61 B.R. 130, 135 (Bankr.E.D.Va.1986).

Further, certain courts which have chosen to follow the *Tanner* reasoning, allowing such voidance pursuant to § 506(d), have done so with expressed reservations that the results were unfair or inequitable. After allowing the use of § 506 to extinguish a lien on real property in a Chapter 7 case, the Court in *In re Lyons*, 46 B.R. 604, 606 (Bankr.N.D.Ill.1985), stated, "[I]t seems manifestly unfair to permit a debtor to retain his home after avoiding liens to the extent they exceed the value of the collateral." *See also In re Worrell*, 67 B.R. 16, 20 (Bankr.C.D.Ill.1986) (calling the result under the *Tanner* reasoning "unfair and difficult to accept").

For the foregoing reasons, the Court finds that the Gaglias should not be able to use 11 U.S.C. § 506 to declare liens against the property unsecured and voided to the extent they exceed the fair market value of the property. Accordingly, the judgment of the Bankruptcy Court is affirmed.

An appropriate Order will be issued.