**In re Gerald R. PFLUG, a/k/a Gerald Raymond Pflug, Debtor.**

**In re Diane B. PFLUG, a/k/a Diane Bernadette Pflug, Debtor.**

**Bankruptcy Nos. 88–2092, 88–2093. Adv. Nos. 88–0555, 88–0558.**

United States Bankruptcy Court, W.D. Pennsylvania.

May 19, 1989.

Mary Reitmeyer, Pittsburgh, Pa., for debtors.

Peter N. Pross, Kincaid & McGrath, P.C., Pittsburgh, Pa., for Landmark Sav. Ass'n.

James A. Prostko, Trustee, Phillips & Galanter, P.C., Pittsburgh, Pa.

Pamela J. Grimm, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for JFR Associates and Patrick W. Ritchey.

James A. Lewis, Rothman, Gordon, Foreman & Groudine, Pittsburgh, Pa., for Jendoco Const. Corp.

Stephen I. Goldring, Asst. U.S. Trustee, Pittsburgh, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Before the Court is Landmark Savings Association's ("Landmark") Motions to Vacate our Orders of February 2, 1989, which were entered in the nature of a default judgments. Gerald R. Pflug and Diane B. Pflug ("Pflugs") object to the opening of the judgments. Having heard the arguments of the parties and researched the appellate law, we find that the judgment Orders must be vacated and we will enter such an Order effecting same.

## FACTS

Debtors filed individual Chapter 7 petitions on August 9, 1988. As of that date, the Pflugs were co-owners of a parcel of real estate encumbered by three (3) mortgages in favor of Landmark.

On August 11, 1988, two (2) days after the bankruptcy filings occurred, counsel to Landmark entered their appearance of record, requesting copies of all future Notices and Orders. The following month the Trustee conducted creditors' meetings in

both Pflug cases; Landmark's counsel was present, for both, and questioned the Pflugs regarding the status of the outstanding mortgages.

Landmark, through its counsel, filed a Proof of Claim in each of these cases in the sum of $320,278.32. Approximately six (6) weeks later, Debtors' counsel filed pleadings to Determine Landmark's Secured Status.[1] The Certificates of Service accompanying these pleadings aver that notice was provided to Landmark, but not to Landmark's counsel.

As per our standard procedure, this Court entered the First Pretrial Orders. That Order advises Plaintiffs of the initial procedures to be followed in the filing of an adversary proceeding. It also sets a "call date", at which time the case will either be dismissed for failure to prosecute; result in a judgment for Plaintiff, if Defendant neither answers nor responds; or continue with a pretrial conference. In the instant cases, the call dates were set for February 2, 1989. Debtors' counsel served Landmark with said Orders, but did not serve Landmark's counsel.

On February 2, 1989 a hearing on these cases was held. No representative from Landmark was present; this Court entered Orders determining the value of Debtors' real estate, causing certain of Landmark's security interests to be voided.

Subsequent to the running of the ten (10) day appeal period, Landmark's counsel first learned of these entire adversary proceedings, including our Orders of February 2, 1989.

## ANALYSIS

Landmark seeks to have these judgments lifted pursuant to Bankruptcy Rule 9024(b), which adopts the language of Rule 60(b) of the Federal Rules of Civil Procedure. That rule states in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (i) ... excusable neglect; ... The motion shall be made within a reasonable time, and for reasons ( ) ... not more than one year after the judgment, order, or proceeding was entered or taken ...

The Third Circuit has set forth enumerated factors which we are required to employ in making our determination of whether to vacate the default judgments, *to wit:*

> (1) Whether lifting the defaults would prejudice the plaintiffs;
>
> (2) Whether the defendant has a prima facie meritorious defense; and
>
> (3) Whether the defaulting defendant's conduct is excusable or culpable.

*Harad v. Aetna Casualty and Surety Company,* 839 F.2d 979 (3rd Cir.1988); *Emcasco Insurance Company v. Sambrick,* 834 F.2d 71 (3rd Cir.1987) and extensive cases cited therein.

Plaintiffs aver that substantial reliance on said Order has already occurred and that removal of same will cause the Debtors substantial prejudice. Specifically, the Pflugs are the principals of a Chapter 11 business Debtor which has submitted a Proposed Plan of Reorganization incorporating this Court's valuations entered on February 2, 1989.

We do not find this to be a prejudice of substantial degree. The vacation of this Court's prior Orders will not be affecting an already confirmed Plan which has been substantially consummated. In fact, this Court has not yet held a hearing on the Disclosure Statement in that case, and is not scheduled to do so until June 1, 1989. The Plan Confirmation hearing will not be scheduled until the Disclosure Statement is approved. We are months away from any inkling of prejudice.

Landmark has raised a defense which, if proven at trial, will protect Landmark's position. Citing *In re Gaglia,* 76 B.R. 82 (Bankr.W.D.Pa.1987), *aff'd* 97 B.R. 250 (W.D.Pa.1989), Landmark states that the precedent in this District holds that

1. Counsel filed the pleadings as Motions; thereafter it was determined that these should have been filed as Adversary Complaints. Appropriate measures were taken to have these actions proceed as adversary cases.

§ 506(d) may not be used by a Chapter 7 debtor to void the undersecured portion of a real estate mortgage, when said property is not to be administered under the Bankruptcy Code.

Upon trial of the merits, we very well may find that Landmark would withstand Debtors' attempt to avoid portions of its claim.

Landmark presents the defense of insufficient service of process by the Debtors as the cause of its failure to answer and/or appear. Bankruptcy Rule 7005(b) which incorporates Federal Rule of Civil Procedure 5(b), states as follows:

> Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party is ordered by the Court.

Debtors' counsel was well aware that Landmark was represented by counsel in relation to this debt. Counsel had entered an appearance of record in the main case, and had attended the first meetings of creditors. Once Debtors' counsel was aware of such representation, service upon said counsel was obligatory. A default cannot issue against a party who has entered an appearance of record, if said party has not been served with appropriate notice.

Additionally we note that at least one defendant was in fact served by and through its counsel; we can find no reason to distinguish Landmark.

Landmark having met its burden of proof, we will enter an Order vacating our prior Orders of February 2, 1989, and recommence the adversary procedures.

An appropriate Order will be issued.