**In re Clarence CROUCH, Jr., Pamela Sue Eubank Crouch, Debtors.**

**Clarence CROUCH, Jr., Pamela Sue Eubank Crouch, Plaintiffs,**

**v.**

**PIONEER FEDERAL SAVINGS BANK, The Lomas & Nettleton Company, Defendants.**

**Bankruptcy No. 5–87–00083–BKC–RWK. Adv. No. 5–87–0017.**

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Dec. 18, 1987.

Ellen M. Arthur, Lexington, Va., for debtors.

James J. Burns, Richmond, Va., for The Lomas & Nettleton Co.

Scot A. Katona, Norfolk, Va., for Pioneer Sav. Bank.

---

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the court for decision involves an adversary proceeding instituted by the debtors to utilize the provisions of 11 U.S.C. § 506(d) to reduce the amount of lien indebtedness owed to Pioneer Federal Savings Bank. Related to the adversary proceeding is a motion filed by Pioneer Federal Savings Bank for abandonment of the property subject to its lien pursuant to 11 U.S.C. § 554. By previous memorandum opinion and order this court has ruled that a Chapter 7 debtor may utilize 11 U.S.C. § 506(d) to "strip down" the amount of the secured lien held by a junior lien creditor. *See In re Crouch*, 76 B.R. 91 (Bankr.W.D.Va.1987). The two issues to be decided in this proceeding are the extent of the reduction of the secured debt owed to Pioneer Federal Savings Bank (hereinafter "Pioneer") and whether Pioneer is entitled to abandonment of the assets securing its debt.

### Facts

The parties to the adversary proceeding have been able to enter into stipulations of fact and have submitted the matter for decision without trial. The trial stipulations and statements of triable issues prepared by the parties are incorporated herein by reference.

The debtors initiated their Chapter 7 proceeding on February 13, 1987. Their primary asset consisted of residential real property situated in the City of Buena Vista, Virginia, known as 364 Hillside Drive (hereinafter the "Property"). Pioneer is a secured creditor holding a second lien deed of trust on the Property securing a debt having a principal unpaid balance of $14,149.13 as of February 13, 1987. The holder of the first lien deed of trust securing a debt in the principal unpaid face amount of $24,000.00 is the Farmers Home Administration. The Lomas & Nettleton Company is the servicing agent for Pioneer. For purposes of convenience, these parties will be referred to collectively as "Pioneer" and the debtors will be referred to as "Crouch."

There is no dispute as to the proper perfection of the indebtedness owed to Pioneer. Subsequent to the filing of the Crouches' petition for relief, Pioneer, through its agent, filed an application by a secured creditor for abandonment of the subject property. The trustee in bankruptcy endorsed the application by Pioneer. However, on or about April 30, 1987, the debtors filed a written objection to the application for abandonment asserting that Pioneer's lien was void under 11 U.S.C. § 506 of the Bankruptcy Code. The debtors also filed the above-captioned adversary proceeding seeking to avoid Pioneer's lien under 11 U.S.C. § 506(d). Prior to the entry of this court's order dated August 24, 1987, the secured creditor's application for abandonment was not scheduled for hearing. However, the parties proceeded with the litigation in the above-captioned adversary proceeding with Pioneer having filed a motion to dismiss which was overruled by this court. Further, the parties attended a pre-trial hearing and a pre-trial order was entered scheduling the adversary proceeding for trial. It should be noted that the trustee in bankruptcy has not been made a party to the debtors' adversary proceeding. However, with respect to the application for abandonment, the trustee is a party since the application was directed to him.

Subsequent to the entry of the pre-trial order in this matter and this court's order dated August 24, 1987, vacating a ministerial act of the clerk of this court which had the effect of abandoning the property, the parties entered into the trial stipulations and statements of triable issues which are a part of the record and they submitted the matter for decision.

### Rulings of Law

The first issue raised by the parties which the court must determine is whether or not the application for abandonment by a secured creditor should be heard and determined first or whether the above-captioned adversary proceeding should be determined first. Pioneer urges that its application to abandon should be heard first solely on the basis that it was filed first.

The debtors, on the other hand, assert that Pioneer has no "standing" to bring the application for abandonment under 11 U.S. C. § 554(b) since there is no value in the property which would secure the indebtedness owed to it. Therefore, the Crouches assert that the adversary proceeding should be determined first.

Pioneer's position is that abandonment forecloses the debtors from utilizing 11 U.S.C. § 506 since the estate would no longer have an interest in the property. *See* 11 U.S.C. § 506(a). With respect to the position taken by Pioneer, this court is of the opinion that the parties' respective rights should not be adjudicated based upon which party gets to the courthouse first. The purpose of 11 U.S.C. § 506 is to determine the secured portion of the indebtedness owed to Pioneer. In short, the determination under 11 U.S.C. § 506 accelerates the foreclosure process which Pioneer would be entitled to pursue outside the bankruptcy context. The intent of 11 U.S.C. § 506(d) is to put the secured creditor in the same position vis-a-vis the property that it would be outside of the bankruptcy proceeding in liquidating its collateral.

With respect to the debtors, the procedure established by 11 U.S.C. § 506(d) may also provide benefit. Debtors who wish to attempt to retain their property after the bankruptcy proceeding is closed can use 11 U.S.C. § 506(d) to precipitate the foreclosure process within the context of bankruptcy so that the debtors come out of the bankruptcy proceeding with property which is subject to a lien debt in amount no greater than the value of the property as determined under 11 U.S.C. § 506(a).

If this court were to hold that the abandonment application was to be heard and determined first and were to hold, as Pioneer advocates, that abandonment forecloses litigation of the § 506 proceeding, then the debtors would lose a right granted to them by the Bankruptcy Code. On the other hand, if the § 506 proceeding is determined first and then the issue of abandonment is decided, the rights that Pioneer asserts under its motion to abandon can be determined without prejudice to the rights

of either party under 11 U.S.C. § 554. The only opportunity that Pioneer loses is the legal argument that abandonment forecloses debtors' use of § 506. However, the debtors have raised § 506 as a defense to the abandonment application filed by Pioneer asserting that if there is no value to support the lien of Pioneer, then Pioneer is not a party in interest eligible to bring the § 554 motion. In balancing the equities between the parties, the court deems it appropriate to adopt a procedure which will determine all of the rights of all of the parties that are presently subject to the jurisdiction of this court. Therefore, the issues raised in the adversary proceeding pertaining to 11 U.S.C. § 506 and in the objection to abandonment will be determined first and such a determination, especially with respect to valuation, will aid the court in determining whether or not Pioneer should be deemed a party in interest in the § 554 motion.

■ The next issue which the court must decide is the method of valuation to be used in arriving at the value of the Property. Section 506(a) of the Bankruptcy Code states in part as follows: "Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest." 11 U.S.C. § 506(a).

The debtors argue that liquidation value should be used to determine the value of their real property for purposes of § 506(d). Pioneer advocates the use of market value in light of the debtors' purpose in bringing their action. It is clear from the stipulations and argument of counsel that the debtors' purpose in bringing the § 506 action is to permit the debtors to attempt to retain their property postpetition with liens on it of an amount no greater than the value of the Property. In short, the debtors, who are the moving parties in the adversary proceeding, do not contemplate liquidation of their property. In fact, it is clear from the stipulations that the debtors have already reaffirmed the indebtedness owed to Farmers Home and

wish to retain the property. Thus, this court is of the opinion that the market value of the property is the proper method of valuation. *See In re Yoder*, 32 B.R. 777, 779 (Bankr.W.D.Pa.1983).

■ The stipulation reveals that there have been two appraisals of the property one of which was made at the request of the plaintiffs and the other of which was made at the request of the defendants. Both appraisals showed the value of the property to be $28,000.00. The parties have also stipulated that the debt to Farmers Home is $24,000.00. In view of the debtors' proposed use of the property, this court finds no reason to reduce the value shown by the appraisals. At the present time, said value represents the best possible information available to the parties and to this court as to the fair market value of the property. Accordingly, this court holds that there is $4,000.00 of equity in the property available to secure the debt of Pioneer. This court further holds that the indebtedness owed to Pioneer over and above the $4,000.00 value found to be available to secure its debt is unsecured and the lien of Pioneer's deed of trust is void to the extent that its debt exceeds $4,000.00 in the amount of $10,149.13.

■ Having "stripped down" the lien indebtedness owed Pioneer under 11 U.S.C. § 506(d), this court is able to determine that Pioneer has a clear interest in the real property and is eligible to be heard as a party in interest on the abandonment issue under 11 U.S.C. § 554. The facts which have been stipulated to by the parties clearly show no equity for the unsecured creditors of the estate in the real property subject to the lien of Farmers Home and Pioneer. The debtors have offered into evidence no compelling facts and have argued no reasons which would prohibit abandonment under 11 U.S.C. § 554. Thus, where there is little or no equity for the benefit of the unsecured creditors of the debtors' estate, the trustee should be permitted to abandon estate property as he deems proper. *In re Manicure*, 29 B.R. 248, 250–51 (Bankr.W.D.Va.1983). Since the trustee has endorsed the application by the secured

creditor for abandonment, it must be presumed that he deems it appropriate to abandon. Therefore, abandonment shall be ordered under 11 U.S.C. § 554(b) over the objection of the debtors. Thereafter, the parties may determine their respective rights and duties pursuant to state law and in accordance with the legal documents governing the transaction between them. *See Matter of Lindsey*, 823 F.2d 189 (7th Cir.1987).

An appropriate order will be entered implementing this memorandum opinion.