In re Lois SMITH, Debtor.

Lois SMITH, Plaintiff,

v.

**VERMONT FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**Bankruptcy No. 86–B–1329.**
**Adv. No. 86–0272B.**

United States Bankruptcy Court,
D. Maryland.

Nov. 18, 1987.

Cheryl L. Hystad, Baltimore, Md., for plaintiff.

W. Charles Rogers, III, Baltimore, Md., for defendant.

**OPINION DISMISSING COMPLAINT**

JAMES F. SCHNEIDER, Bankruptcy Judge.

The instant adversary complaint came on for hearing before the United States Bankruptcy Court for the District of Maryland at Baltimore on October 27, 1987. The parties stipulated to all of the material facts. The plaintiff, a Chapter 7 debtor, filed the instant complaint to avoid or reduce the second mortgage held by the defendant and secured by the debtor's principal residence identified as 3521 Oakmont Avenue in Baltimore City.

This Court will dismiss the instant case, adopting the reasoning of the United States Bankruptcy Court for the Western District of New York (Hayes, B.J.) in the leading case of *In re Mahaner,* 34 B.R. 308 (1983). *Accord, In re Maitland,* 61 B.R. 130 (Bankr.E.D.Va.1986). These cases stand for the proposition that a Chapter 7 debtor may not use 11 U.S.C. § 506 for the avoidance of a mortgage lien because (1) this would render meaningless redemption under 11 U.S.C. § 722; (2) it is bad policy to permit a Chapter 7 debtor to achieve a result more beneficial than could be realized in a Chapter 11 or 13, thereby discouraging debtors from turning to rehabilitation in favor of liquidation; and (3) a consensual lien created by the granting of a mortgage ought not be susceptible to avoidance by the mortgagor. For all these reasons, this Court holds that the Chapter 7 debtor in this case may not use 11 U.S.C. § 506 to avoid the mortgage lien of Vermont Federal Savings and Loan Association.

ORDER ACCORDINGLY.