In re Arlo B. EDWARDS, Debtor.

GOLDEN GUERNSEY DAIRY CO-OP, a Wisconsin Corporation, Plaintiff,

v.

Arlo B. EDWARDS, Stephen J. Noble and Northwest Bank of Rockford, Defendants.

Bankruptcy No. 86 B 21075.
Adv. No. 89 A 3055.

United States Bankruptcy Court, N.D. Illinois, W.D.

Sept. 28, 1989.

Rance V. Buehler, West Dundee, Ill., for plaintiff.

William E. Schirger, Atty. Bradley Koch, Rockford, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on a Motion to Dismiss the Complaint to Deter-

mine Validity and Priority of Lien, filed by Stephen J. Noble (Noble) and Northwest Bank of Rockford (Northwest). Golden Guernsey Dairy Co-Op (Plaintiff) is represented by Attorney Rance V. Buehler. Noble and Northwest are represented by Attorney Bradley T. Koch. The Debtor, Arlo B. Edwards, is represented by Attorney William E. Schirger.

## BACKGROUND

The facts alleged need only be stated here to the extent necessary to address the Motions presently before the Court. The Debtor filed a Chapter 13 Petition on August 11, 1986. Plaintiff filed a Proof of Claim indicating it held a Judgment in the approximate amount of $18,688.72 secured by a mortgage on a parcel of real estate owned by the Debtor. In the course of administration of the Chapter 13, the Debtor sought to sell certain real estate free and clear of liens and encumbrances. All of the real estate was encumbered by a first mortgage of Stillman Valley National Bank. The parcel encumbered by Plaintiff's second mortgage was also included in the proposed sale.

The sale was approved by the Court on August 28, 1987, allegedly without notice to Plaintiff. Noble purchased the real estate, including the parcel encumbered by Plaintiff's second mortgage. Northwest provided the financing for Noble's purchase and obtained a mortgage on the real estate. Approximately $78,073 of the proceeds of the sale was distributed to Stillman Valley Bank and the remainder, approximately $6,518.74, was held in a trust account pending further order. Shortly thereafter, the case was converted to Chapter 7 and a Trustee was appointed.

On February 17, 1989, Plaintiff filed a Motion to Vacate Order Approving the Sale, which was denied on July 3, 1989. Plaintiff also filed a Complaint to Determine Validity and Priority of Lien, alleging that although Plaintiff had filed a Proof of Claim which indicated its second mortgage on a parcel of the real estate sought to be sold, notice of the hearing on approval of the sale was not provided to the Plaintiff.

The Complaint asked the Court to declare that:

(a) Plaintiff had a valid lien on the real estate;

(b) Plaintiff's lien was superior to that of Northwest; and

(c) the Order Approving the Sale was invalid pursuant to Section 363 of the Bankruptcy Code and the 5th and 14th Amendments.

Noble and Northwest filed a joint Motion to Dismiss the Complaint, alleging that the Court lacked jurisdiction to consider the issues raised in the Complaint. The Trustee filed a Motion to Distribute Funds, apparently abandoning any interest the estate may have had in the proceeds of the sale.

## DISCUSSION

Plaintiff has alleged that jurisdiction exists over the present controversy based upon the following:

(b)(1) Bankruptcy judges may hear and determine all cases under Title 11 and all core proceedings arising under Title 11, or arising in a case under Title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title.

(2) Core proceedings include, but are not limited to:

(A) Matters concerning the administration of the estate: ...

(K) Determinations of the validity, extent, or priority of liens.

(N) Orders approving the sale of property ...

28 U.S.C. Section 157(b).

Additionally, federal jurisdiction may exist, pursuant to Section 157(c), which provides:

(c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11.

28 U.S.C. Section 157(c).

The issue of bankruptcy jurisdiction over disputes among creditors of a debtor has been addressed frequently by the Seventh

Circuit Court of Appeals. The court in *In re Kubly*, 818 F.2d 643, 645 (7th Cir.1987) provided a summation of the holdings as follows:

> ... disputes among creditors of a bankrupt come within the federal bankruptcy jurisdiction only if they involve property of the estate or if resolving two creditor's intramural squabble will affect the recovery of some other creditor.

The court in *Kubly* cited *In re Xonics, Inc.*, 813 F.2d 127 (7th Cir.1987) and *In re Chicago, Rock Island & Pacific R.R. Co.*, 794 F.2d 1182 (7th Cir.1986) (Sanborn II).

In *Sanborn II*, the court observed that bankruptcy jurisdiction over disputes between creditors as to rights in property does not follow the property after it is transferred from the bankruptcy estate. Once the property is sold, the parties must establish a new source of jurisdiction if the dispute is to be decided in the federal forum. The court then held that subject matter jurisdiction was lacking in a dispute between a lessee of real property and the ultimate purchaser of real property that was originally owned by the debtor. The court noted though, that the lessee did not claim that the transfer was invalid and did not attempt to undermine the sale.

The holding in *Sanborn II* was extended in *Xonics* to cases involving the abandonment of assets of the estate by the trustee. After stating that jurisdiction does not follow property after it is abandoned by the trustee, the court held that a party seeking relief through the bankruptcy court must establish a link between the disposition of claims to abandoned property and the treatment of claims of other creditors of the debtor. "Otherwise, anyone who could trace his title to a bankrupt could invoke federal jurisdiction to settle disputes affecting that property." *Xonics*, 813 F.2d at 131.

In the present case, the Debtor sold the real estate after approval by the Court, thereby transferring the property from the bankruptcy estate. In addition, after the case was converted, the Trustee effectively abandoned any interest the estate had in the proceeds of the sale. Under the ratio-nale of *Xonics* and *Sanborn II*, another basis of jurisdiction must be established for this Court to hear the dispute as the property is no longer property of the estate. Therefore, Section 157(b)(2)(K) does not provide a basis for jurisdiction for the Court to hear the issues raised in Plaintiff's Complaint.

The other basis of jurisdiction alleged by Plaintiff to be relevant to the facts here, which was noted and ultimately rejected in both *Xonics* and *Sanborn II*, is the court's authority to enforce and effectuate the Order Approving Sale pursuant to Section 157(b)(2)(N).

The relief Plaintiff has requested includes a declaration that the Order approving the sale is invalid due to the Plaintiff's failure to receive notice of the sale. *See* Complaint, pg. 6, para. c. The Court typically has jurisdiction to entertain motions to vacate the orders pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See McCall–Bey v. Franzen*, 777 F.2d 1178 (7th Cir.1985). This Rule is made applicable to bankruptcy matters pursuant to Bankruptcy Rule 9024. *See* Fed.R. Bankr.P. 9024. However, Plaintiff is precluded from contesting the sale here because Plaintiff did not seek to vacate the Order within one year of its entry, as required by Rule 60(b).

The court in *In re Met–L–Wood, Corp.*, 861 F.2d 1012 (7th Cir.1988) observed that a creditor's lack of notice of a sale of property of the estate warrants the setting aside of the order pursuant to Rule 60(b)(3). However, the court held that the order at issue could not be set aside, because the request was not made within one year, as required by Rule 60(b). *See also In re Childress*, 851 F.2d 926 (7th Cir.1988); and *In re Chung King, Inc.*, 753 F.2d 547 (7th Cir.1985). Similarly here, Plaintiff's original Motion to Vacate Order and the Complaint presently before the Court were not filed until after the one year period had expired. Indeed, the Court has already denied Plaintiff's Motion to Vacate Order on those grounds. Therefore, Plaintiff is precluded from obtaining a declaration that

the Order Approving Sale is invalid and cannot establish jurisdiction on this basis.

The other relief Plaintiff requests does not fall within the scope of this Court's jurisdiction to enforce and effectuate its orders. Both *Xonics* and *Sanborn II* limit the scope of the court's jurisdiction in construing the terms of orders. The Court is not granted jurisdiction under the Federal Rules to hear collateral disputes arising under state law. Short of vacating the Order Approving Sale, which has been addressed above, the Court lacks jurisdiction to address the validity or priority of Plaintiff's lien.

These reasons also provide the basis for distinguishing the recent case of *In re Korhumel Industries, Inc.*, 103 B.R. 917 (N.D.Ill.1989), which was not addressed by the parties. In *Korhumel,* a liquidating plan was confirmed by the court and the assets of the estate were sold to a company referred to in the opinion as "New Korhumel." Prior to the sale, but after confirmation of the Plan, a party was injured by a piece of equipment manufactured by the Debtor. New Korhumel filed an adversary proceeding in the bankruptcy court, seeking a declaratory judgment as to the rights of the tort victim against assets of New Korhumel. The bankruptcy court dismissed the complaint on the basis that the court lacked subject matter jurisdiction.

On appeal, the District Court reversed, holding that the bankruptcy court had jurisdiction to entertain New Korhumel's request for a declaratory judgment as to the rights of the tort victim. The court distinguished *Sanborn II* on the basis that New Korhumel's dealings with the trustee provided the jurisdictional grounds for the adversary proceeding, not the assets which were formerly owned by the debtor. The court distinguished *Xonics* on the basis that the determination as to liability for the tort victim's injuries could affect the amount to be distributed to the debtor's creditors, should New Korhumel ultimately seek indemnifcation from the debtor's estate.

Here, unlike *Korhumel,* the full force and effect of *Sanborn II* is applicable.

The Court may not hold Plaintiff's lien to have priority or vacate the Order Approving Sale on the basis of ineffective notice to Plaintiff. The Order Approving Sale free and clear of all liens and encumbrances was not attacked within the avenues provided by the Bankruptcy Code or the Bankruptcy Rules and is valid. *Met–L–Wood.* Moreover, the relief Plaintiff requests goes well beyond the scope of the Order Approving the Sale. Hence, *Sanborn II* requires the finding that the Court lacks jurisdiction to hear Plaintiff's Complaint.

Similarly, unlike *Korhumel,* the results of Plaintiff's adversary proceeding will have no effect on the distribution to creditors of the Debtor, as required by *Xonics.* Plaintiff only requests a finding that the lien on property is valid and superior. Such a finding would not affect the distribution to creditors of the Debtor's estate. Indeed, the real estate at issue was sold at a price substantially below the amount of secured claims encumbering the property, thereby leaving no distribution to unsecured creditors. Therefore *Xonics* requires the finding that the Court lacks the jurisdiction to grant the relief Plaintiff requests.

Although Plaintiff did not specifically allege that the adversary proceeding was a "related to" proceeding pursuant to Section 157(c), the Court finds that it is not related to the Debtor's bankruptcy case. The issues raised in Plaintiff's Complaint do not address or affect the administration of the bankruptcy estate. As stated earlier, the proceeds of the sale were effectively abandoned by the Trustee and will not, in any way, affect the distribution to creditors. The real estate, being already transferred, will similarly not be connected with the administration of the estate. Hence, Plaintiff's Complaint does not constitute a "related to" proceeding pursuant to Section 157(c). *See, In re Denalco Co.*, 57 B.R. 392 (N.D.Ill.1986); and *In re Xonics, Inc.*, supra.

## CONCLUSION

Based on the foregoing, it is evident that the Court lacks subject matter jurisdiction

to grant the relief Plaintiff has requested. Therefore, the Court concludes that Plaintiff's Complaint should be dismissed.

IT IS SO ORDERED.