In re David N. ISRAEL, d/b/a Anthony's Supermarket, Debtor.

David N. ISRAEL, Plaintiff,

v.

DEPARTMENT OF the TREASURY, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 5–88–01009.
Adv. No. 5–89–0216.

United States Bankruptcy Court, D. Connecticut.

March 30, 1990.

Robert J. Nichols, Waterbury, Conn., for debtor/plaintiff.

Keith V. Morgan, U.S. Dept. of Justice, Tax Div., Washington, D.C., for I.R.S.

MEMORANDUM AND DECISION ON UNITED STATES' MOTION TO DISMISS COMPLAINT TO AVOID TAX LIEN

ALAN H. W. SHIFF, Bankruptcy Judge.

The Internal Revenue Service moves to dismiss the plaintiff's complaint to avoid

the IRS' lien on real property co-owned by the plaintiff.

## BACKGROUND

On March 10 and June 9, 1986, the IRS assessed the plaintiff $678.20 and $7,504.02, respectively, as a responsible person under Internal Revenue Code § 6672.[1] On February 18, 1987, the IRS filed a tax lien on the plaintiff's residence located at 264 Evening Star Drive, Naugatuck, Connecticut (the "property").[2] On November 15, 1988, the plaintiff filed a petition under chapter 7 of the Bankruptcy Code.

At the time of the petition, the property was subject to a $43,000.00 first mortgage to First Federal Savings and Loan Association, a $440,000.00 second mortgage to First Connecticut Small Business Investment Company, and a $350,000.00 third mortgage to Anthony J. and Harriet A. Luccaro. The property, which the plaintiff owns as a joint tenant with his wife, has been appraised at $129,900.00. Thus, the plaintiff's undivided one-half interest is $64,950.00.

On January 12, 1989, the trustee filed a no-asset report, which states that "there is no property available for distribution from the estate over and above that exempted by the debtor." On October 16, 1989, the plaintiff commenced this adversary proceeding, seeking to have the IRS' lien avoided under Code § 506(a) and (d). *See infra* at 484. On December 26, 1989, the IRS filed the instant motion to dismiss under Rule 12(b)(1) and (6) Fed.R.Civ.P., made applicable by Bankruptcy Rule 7012(b), contending that as of that date, the trustee had not abandoned the estate's interest in the property, so that the plaintiff lacked standing to bring this action[3] or, in the alternative, even if the trustee were to abandon the property, that the plaintiff could not avoid its lien under § 506(d). At the hearing on the IRS' motion, the trustee informed the plaintiff and the IRS that he planned to abandon the property. Thereafter, the IRS withdrew its claim under Rule 12(b)(1) that the plaintiff lacked standing. On March 8, 1990, the trustee filed a notice of abandonment of the property.[4]

---

1. 26 U.S.C. § 6672(a) provides in part:

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

2. 26 U.S.C. § 6321 provides:

 If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

3. It is generally held that a chapter 7 debtor cannot prosecute an action that belongs to the estate. *Steyr–Daimler–Puch of Am. Corp. v. Pappas,* 852 F.2d 132, 136 (4th Cir.1988); *Teltronics Serv., Inc. v. Anaconda–Ericsson, Inc.,* 587 F.Supp. 724, 729 (E.D.N.Y.1984), *aff'd sub nom. Anaconda Ericsson, Inc. v. Hessen (In re Teltronics Serv., Inc.),* 762 F.2d 185 (2d Cir.1985). The filing of a no-asset report does not close a case and therefore does not constitute an abandon-

ment of property of the estate. *E.g., Zlogar v. Internal Revenue Serv. (In re Zlogar),* 101 B.R. 1, 3 (Bankr.N.D.Ill.1989); *Schwaber v. Reed (In re Reed),* 89 B.R. 100, 104 (Bankr.C.D.Cal.1988); 11 U.S.C. § 554(c).

4. The plaintiff's standing must be addressed notwithstanding the IRS concession that standing is no longer an issue. *New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1346 (2d Cir.1989) ("The 'threshold question in every federal case' is whether a federal court has the authority to adjudicate the lawsuit."). A party "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). As noted, *see supra* note 3, a chapter 7 debtor generally cannot prosecute an action that belongs to the estate. Although the trustee abandoned the property after the commencement of this proceeding and the IRS has conceded that the plaintiff has standing, the general rule is that the plaintiff must have standing at all stages of the proceeding, *City Communications, Inc. v. City of Detroit,* 888 F.2d 1081, 1086 (6th Cir.1989); *Safir v. Dole,* 718 F.2d 475, 481 (D.C.Cir.1983), *cert. denied,* 467 U.S. 1206, 104 S.Ct. 2389, 81 L.Ed.2d 347 (1984), and that the plaintiff's lack of standing may not be waived. *Gilchrist v. Califano,* 473 F.Supp. 1102, 1108 n. 3 (S.D.N.Y.1979).

## DISCUSSION

### A. *Jurisdiction*

 Parenthetically, it is observed that the IRS has not challenged the plaintiff's complaint on jurisdictional grounds. Indeed, the plaintiff alleges that jurisdiction is grounded on 28 U.S.C. §§ 157(b)(2)(K)[5] and 1334(b) and the IRS agrees. *See Debtor's Complaint* at 1; *IRS Answer*, Second Defense, at 1. A court, however, may raise *sua sponte* the question of whether it has subject matter jurisdiction over a dispute. *Alliance of American Insurers v. Cuomo*, 854 F.2d 591, 605 (2d Cir.1988); *Manway Constr. Co., Inc. v. Housing Authority of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983). If that authority is lacking, dismissal is mandatory. *Manway Constr. Co., supra*, 711 F.2d at 503.

Title 28 U.S.C. § 1334(b) provides in part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Title 28 U.S.C. § 157(a) provides that district courts may refer such cases and proceedings to bankruptcy judges. Following reference, § 157(b)(1) and (c)(1) empower bankruptcy courts to "hear and determine all cases under Title 11 and all core proceedings arising under title 11, or arising in a case under Title 11," and hear and "submit proposed findings of fact and conclusions of law to the district court" in noncore, related proceedings. Thus, bankruptcy courts do not have jurisdiction over proceedings which are neither related nor core. *E.g., Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir.1984); *Holland Indus., Inc. v. United States (In re Holland Indus., Inc.)*, 103 B.R. 461, 465 (Bankr.S.D.N.Y.1989).

 Section 157(b)(2)(K) provides that core proceedings include "determinations of the validity, extent, or priority of liens...." It is well settled that § 157(b)(2)(K) applies only to liens encumbering property which is property of the estate. *E.g., Golden Guernsey Dairy Coop v. Edwards (In re Edwards)*, 106 B.R. 161, 163 (Bankr.N.D.Ill.1989); *In re Holland Indus., Inc., supra*, 103 B.R. at 465; *Crane v. Coan (In re Coan)*, 95 B.R. 87, 89 (Bankr.N.D.Ill.1988). The trustee has abandoned the property, it is no longer property of the estate, and § 157(b)(2)(K) is inapplicable.[6]

There is an exception to this third-party standing rule. When practical obstacles prevent a party from asserting rights on its own behalf and a third party may reasonably be expected to pursue the right at issue as effectively, the general rule is relaxed. *Secretary of State of Maryland v. Joseph H. Munson Co., Inc.*, 467 U.S. 947, 956, 104 S.Ct. 2839, 2846–47, 81 L.Ed.2d 786 (1984).

At the time this adversary proceeding was commenced, it would have been inappropriate for the trustee to have attempted to avoid the IRS' lien. He had filed a no asset report which in effect stated that the estate could not benefit from the avoidance of the IRS' lien. Although the benefit to the plaintiff from any success from the avoidance of the IRS lien under § 506(d) is speculative, it appears that the plaintiff is the only entity that could benefit.

5. The only other core provision which could conceivably encompass this issue is § 157(b)(2)(O), which provides that core proceedings include "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims". While this adversary proceeding conceivably could be construed as involving the adjustment of the debtor-creditor relationship, § 157(b)(2)(O) must be read in the context of the general principle that if a proceeding will have no impact on the administration of the bankruptcy case, then there is no jurisdiction over that proceeding under title 11. *E.g., Medina–Figueroa v. Heylinger*, 63 B.R. 572, 547 (D.P.R.1986); *Acolyte Electric Corp. v. City of New York*, 69 B.R. 155, 175 (Bankr.E.D.N.Y.1986). Unless courts avoid a broad interpretation of the § 157(b)(2)(O) catch-all provision, "the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act. That purpose is to conform the bankruptcy statute to the dictates of *Marathon*." *Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 95 (5th Cir.1987). *See also Craig v. McCarty Ranch Trust (In re Cassidy Land and Cattle Co., Inc.)*, 836 F.2d 1130, 1132 (8th Cir.1988), *cert. denied*, 486 U.S. 1033, 108 S.Ct. 2016, 100 L.Ed.2d 603 (1988); *Piombo Corp. v. Castlerock Properties (In re Castlerock Properties)*, 781 F.2d 159, 162 (9th Cir.1986). Thus, I conclude that this matter is not a core proceeding under § 157(b)(2)(O).

6. Although the property was property of the estate at the commencement of this action, so that at that time this court had jurisdiction

An adversary proceeding may be characterized as related to a bankruptcy case when its outcome could conceivably have an effect on the administration of the estate, *i.e.*, where the proceeding would affect the distribution to creditors. *E.g., Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 94 (5th Cir.1987) ("To fall within the court's jurisdiction, the plaintiffs' claims must affect the estate, not just the debtor."); *Elscint, Inc. v. First Wisconsin Fin. Corp. (Matter of Xonics, Inc.)*, 813 F.2d 127, 131 (7th Cir.1987) (a related proceeding "affects the amount of property available for distribution or the allocation of property among creditors."); *Marcus Dairy, Inc. v. Belford (In re Naugatuck Dairy Ice Cream Co., Inc.)*, 106 B.R. 24, 28 (Bankr.D. Conn.1989). When property leaves the estate, the relation of a dispute involving that property to the bankruptcy case ends. *In re Hall's Motor Transit Co.*, 889 F.2d 520, 523 (3rd Cir.1989). The trustee's abandonment of the property eliminated any effect the avoidance of the IRS' lien would have had on the administration of the estate. As a consequence, this proceeding is not a related proceeding.

## B. *§ 506(d)*

Even if this court had jurisdiction over the subject matter of this proceeding, the result would not change. Section 506(d), like § 157(b)(2)(K), relates solely to property which is property of the bankruptcy estate and, as noted, the trustee has abandoned the property.

Code § 506 provides:

(a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such

creditor's interest ... is less than the amount of such allowed claim.

....

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void. ...

The parties recognize a split of authority on whether a debtor can avoid a lien on abandoned property under § 506(d). They fail to recognize, however, that this question has already been addressed in this district in *D'Angona v. Marine Midland Bank (Matter of D'Angona)*, 107 B.R. 448 (Bankr.D.Conn.1989).

As observed in *D'Angona*, the "main difference ... dividing the courts on a debtor's unrestricted use of § 506(d), is whether to adopt the holistic or the plain language approach." *D'Angona, supra*, 107 B.R. at 451. Courts which have allowed debtors to avoid liens on abandoned property under § 506(d) rely most often on the "plain language" of that provision. *E.g., Gaglia v. First Federal Savings & Loan Ass'n*, 889 F.2d 1304, 1308 (3rd Cir.1989); *Folendore v. U.S. Small Business Admin. (Matter of Folendore)*, 862 F.2d 1537, 1540 (11th Cir.1989); *Zlogar v. Internal Revenue Serv. (In re Zlogar)*, 101 B.R. 1, 7 (Bankr.N.D.Ill.1989); *Tanner v. Finance America Consumer Discount Co. (In re Tanner)*, 14 B.R. 933, 935–37 (Bankr.W.D. Pa.1981). When § 506(d) is viewed in isolation, there may well be some support for the conclusion that it allows a chapter 7 debtor to avoid liens on abandoned real property. Such a narrow focus, however, overlooks the rest of § 506, which is intended to serve as a statutory tool to shape the contours of allowed secured claims. Viewed in that holistic context, § 506(d) is linked to § 506(a). The former defines allowed secured claims; the latter serves as a shopkeeping section that voids liens to the extent that they are not allowed secured

under § 157(b)(2)(K), that authority was lost with the trustee's abandonment. Subject matter jurisdiction is necessary at every stage of the proceeding. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

Arguably, had the plaintiff objected to the trustee's abandonment, *see* 11 U.S.C. § 554(a), this court would have retained jurisdiction and, assuming relief were available to him under § 506(d), the plaintiff could have prosecuted this action under the third party exception to the standing rule. *See supra* note 4.

claims. As the *D'Angona* court noted, "[i]t is evident from a reading of § 506(a) that determinations of 'allowed secured claims' under that section are limited to 'property in which the estate has an interest,' thereby excluding property released to the debtor as exempt or abandoned." *D'Angona, supra,* 107 B.R. at 450. Further, as the court in *Dewsnup v. Timm (In re Dewsnup),* 87 B.R. 676, 682–83 (Bankr.D.Utah 1988), stated:

> To fully effectuate this dichotomy of the protection and distribution of allowed secured claims and allowed unsecured claims under the Bankruptcy Code, § 506(d) provides that a lien is void if it secures a claim that is not an allowed secured claim....

> It is inconceivable ... that Congress could have intended to create an avoiding power in a Chapter 7 debtor, respecting property which is not to be administered through the bankruptcy process, and which is based on a dichotomy created to facilitate the administration and distribution of the bankruptcy estate.

I conclude that § 506(d) must be read in the wider context of § 506, which is intended to be used in administering property of the estate. Property abandoned by the trustee is no longer property of the estate, *In re Franklin Signal Corp.,* 65 B.R. 268, 274 (Bankr.D.Minn.1986), and § 506(d) cannot be used to avoid a lien on property which is not property of the estate.

## CONCLUSION

For the foregoing reasons the IRS' motion to dismiss is granted, and IT IS SO ORDERED.